IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COOLING TOWER DEPOT, INC.,

      Plaintiffs,

      vs.                                                                   No. CIV 09-0438 MCA/LAM

BURGETT GEOTHERMAL GREENHOUSES
INC., et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Entry of Default Judgment* [Doc. 7], filed June 24, 2009. The Court held a hearing on damages on October 27, 2009. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that (1) Plaintiff Cooling Tower Depot, Inc. is entitled to a default judgment against Defendant Burgett Geothermal Greenhouses, Inc. et al. (Burgett), in the total amount of $44,045.47.

**I.**      **FINDINGS OF FACT**

The well-pleaded factual allegations in Plaintiffs' *Complaint* [Doc. 1] are accepted as true by virtue of Defendant's default. In addition, the Court makes the following findings of fact with respect to the issue of damages:

1. Burgett was properly served in this action not later than May 20, 2009. [See Docs. 4, 5].

2. Burgett has failed to answer the *Complaint* or otherwise appear in this action at any time and is in default. [Doc. 13].

3. Plaintiff has incurred a loss as a result of Burgett's failure to pay on the contract for services that the parties entered into on April 8, 2008.

4. The following facts are taken from testimony presented by Mr. Bill Howard at the hearing on damages held on October 27, 2009. The Court finds that Mr. Howard testified credibly.

5. Mr. Howard is employed as senior vice president at Cooling Tower Depot, Inc. (Cooling Tower).

6. Cooling Tower entered into a contract with Burgett for Cooling tower to design, procure materials for, and erect a cooling tower for Burgett, and Burgett agreed to pay Cooling Tower a sum of $158,692.00.

7. The contract is governed by Colorado law.

8. Cooling Tower completed its work under the contract.

9. A provision of the contract provided that if Burgett was not timely with payments on the contract, Burgett would be required to pay 18% interest per year until paid, as well as all reasonable attorney fees required to recover the debt.

10. At the time the complaint was filed, Burgett owed $75,775.43 in principal on the contract as well as additional amounts in interest and attorney fees.

11. While this case was pending, Burgett paid an additional $50,000.

12. Burgett has now paid a total of $125,378.70 on the contract.

13. A balance of $33,313.20 remains.

14. An amount of $6,812.60 of prejudgment interest has accrued.

15. Plaintiff has incurred $3, 919.57 in attorney fees to recover the contract price.

16. The total amount Burgett owes on the contract is $44,045.47.

**II      ANALYSIS**

    **A.      Jurisdiction**

The law of the Tenth Circuit requires that "judgment by default should not be entered without a determination that the court has jurisdiction over the defendant." <u>Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.</u>, 115 F.3d 767,771 (10th Cir. 1997). Thus, before entering a default judgment "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." <u>Williams v. Life Sav. and Loan</u>, 802 F.2d 1200, 1203 (10th Cir. 1986). In this case, the Court has reviewed the record and is satisfied that it has jurisdiction over both the subject matter and the parties at issue. In particular, the Court finds that Defendant, as a citizen of the State of New Mexico, is of diverse citizenship from Plaintiff, as a citizen of the State of Colorado, and was properly served with the *Complaint* and *Summons*. Further, there is no evidence to suggest that Defendant is an infant, an incompetent person, or a soldier or sailor who is shielded from entry of a default judgment under these circumstances.

In addition to finding diversity of citizenship, the Court must be satisfied that the amount in controversy exceeded $75,000 at the time of filing, exclusive of interest and costs. <u>See</u> 28 U.S.C. § 1332. "The test for whether a case satisfies the amount in controversy requirement is whether the complaint makes a good-faith claim for the amount[.]" <u>Herremans v. Carrera Designs, Inc.</u>, 157 F.3d 1118, 1121 (7th Cir. 1998).

In this case, I am satisfied that, at the time the *Complaint* was filed, Plaintiff possessed a good-faith claim for an amount in excess of $75,000. At the time of filing, Plaintiff alleged that Burgett owed $75,775.43 in principal on the contract. I am therefore satisfied that, at the time it filed the *Complaint*, Plaintiff had a good-faith claim to an amount in controversy in excess of $75,000.

**B.     Damages**

The Tenth Circuit has held that "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."  Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985).  In cases where a hearing is necessary, "the calculation of damages requires the Court to look beyond the averments of the complaint.  The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry."  Joe Hand Promotions, Inc. v. Hernandez, 2004 WL 1488110, at *2 (S.D.N.Y. June 30, 2004) (citations omitted).  The amount of damages assessed through such an inquiry rests in the sound discretion of the Court.  See Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990).

While in this context "[d]ecisions to enter judgment by default are committed to the district court's sound discretion, . . . a decision based on an erroneous view of the law is an abuse of discretion."  Dennis Garberg & Assocs., Inc., 115 F.3d at 771.  Thus, it is erroneous to enter a default judgment if, as a matter of law, Plaintiff's *Complaint* fails to state a claim upon which relief may be granted.

> [A] defendant's default does not in itself warrant the court entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered . . . .  The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.

Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  Further, a default judgment may not award relief that is greater in kind or amount than that sought in the *Complaint*.  See Fed. R. Civ. P. 54(c); Scala v. Moore McCormack Lines, Inc., 985 F.2d 680, 683 (2d Cir. 1993).  Under these authorities, any award of damages based on Defendant's default must

be preceded by a determination of whether Plaintiffs' pleading states a claim upon which relief may be granted. If Plaintiffs surmount this preliminary hurdle, the Court must further determine whether the law confers discretion to determine the amount of damages, and if so, what factors are relevant to the Court's exercise of such discretion.

In this case, Plaintiff's *Complaint* sounds in contract. A breach of contract claim is established under Colorado law when the plaintiff establishes "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." W. Distrib. Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. 1992) (internal quotation marks and citations omitted). Plaintiff's *Complaint* alleged each of the first three elements. [Doc 1 at 2-3] At the damages hearing on October 27, 2009, Plaintiff established that it was entitled to the remaining balance on the contract, as well as interest and attorney fees. Accordingly, because the well-pleaded factual allegations in Plaintiff's *Complaint* are deemed admitted by virtue of Burgett's default, and Plaintiff has submitted admissible evidence of the contract value and the associated costs and fees, I conclude that Plaintiff has met its burden of proving each element of its contract claim against Burgett.

## III.   CONCLUSION

For the foregoing reasons, the Court shall enter a default judgment awarding a total of $44,045.47 to Plaintiff. Plaintiff is further entitled to post judgment interest on the total damages award, $44,045.47, at the contract rate of 18% per annum, accruing from the date of October 27, 2009.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *Motion for Entry of Default Judgment against Defendants* [Doc. 7] is **GRANTED** and a default judgment against Burgett shall be entered concurrently with this *Memorandum Opinion and Order*.

**SO ORDERED** this 30th day of October, 2009 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**