## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**COOLING TOWER DEPOT, INC.,**
a Nevada corporation,

   Plaintiff,

vs.         Case No. 09-CV-00438 MCA/LAM

**BURGETT GEOTHERMAL GREENHOUSES, INC.,**
a New Mexico corporation; **BURGETT GREENHOUSES,**
**INC.,** a New Mexico corporation,

   Defendants.

## <u>ORDER</u>

  **THIS MATTER** is before the Court on *Plaintiff/Judgment Creditor's Motion To*

*Amend Complaint* [Doc 35].  Having considered the *Motion* and the circumstances of the

case, leave to amend the complaint is **DENIED**.

  Plaintiff brought suit against Defendants on May 6, 2009 for breach of contract,

unjust enrichment, and promissory estoppel.  [Doc 1]  Defendants did not enter an

appearance or file an answer.  As a result, Plaintiff moved for entry of default judgment

on June 24, 2009.  [Doc 7]  The Court held a hearing on October 27, 2009 and granted

Plaintiff's motion on October 30, 2009.  [Doc 15]  The Court filed a *Memorandum*

*Opinion And Order*, outlining its findings and assessing damages.  [Id.]  Also on October

30, 2009, default judgment was entered against Defendants.  [Doc 16]  On November 3, 2010, Plaintiff filed the pending *Motion To Amend* [Doc 35].

Our Circuit has "repeatedly and unequivocally held that, "[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)."  Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005) (alteration in original) (internal quotation marks and citation omitted).  Plaintiff has not requested this Court to set aside the judgment under either Rule.  Nevertheless, brief analysis of the rules in question demonstrates that such a motion would not be well taken.

Rule 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  In the present case, default judgment was entered on October 30, 2009 [Doc 16], and Plaintiffs did not move this Court to permit amendment until November 3, 2010 [Doc 35].  Thus, Rule 59(e) does not provide the necessary underlying basis for Plaintiff's *Motion*.

Under Rule 60(b), a party may move for relief from a final judgment, order or proceeding.  The party must demonstrate, however, one of six enumerated grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Rule makes clear that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Again, as with any argument relating to Rule 59(e), Plaintiff filed its *Motion* more than a year after the entry of judgment.  Thus, the first three criteria cannot be the basis for relief under Rule 60(b).  Neither the fourth nor the fifth grounds apply to the present case.

Relief under Rule 60(b)(6), the catchall provision, is "even more difficult to attain and is appropriate only when it offends justice to deny such relief."  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks and citation omitted).  In its *Motion*, Plaintiff explains that since the entry of default, it has learned the following

    1.    Defendants purport to have no assets;

    2.    Defendants are dominated and controlled for an improper purpose by other persons and entities;

    3.    These "other persons and entities" have sufficient assets to satisfy the judgments;

    4.    These "other persons and entities" have  been the proximate cause of the harm that forms the basis for Plaintiff's case;

    5.    "Defendant" Dale Burgett is married and his wife should be joined pursuant to New Mexico community property laws.

[Doc 35 at 1-2]  Plaintiff does not explain why this evidence was not available prior to the entry of the default judgment.  Instead, Plaintiff simply states that it could not have

learned these facts "without taking discovery from Defendants."  [Id. at 3]  Plaintiff, however, was the master of the original complaint.  Plaintiff did not ascertain the nature of the business relationships involved prior to judgment.  Having done so at this juncture, Plaintiff can file suit against the correct parties.  Based on the length of time between the entry of judgment and this *Motion*, as well as Plaintiff's failure to identify the appropriate parties, and the availability of alternative relief, this Court finds that it justice is not offended by the denial of relief[1] from judgment under Rule 60(b)(6).

Plaintiff can establish no basis for this Court to set aside the October 30, 2009 judgment under either Rule 59(e) or Rule 60(b).  These rules impose "important restrictions on the ability to employ Rule 15(a)."  Tool Box, Inc., 419 F.3d at 1087. Without such limitations, "the liberal amendment policy of Rule 15(a) [could] be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."  Id.  Absent justification for vacating the judgment, leave to amend cannot be granted.  Id. at 1088 ("In any event, the district court correctly ruled it could not consider [the plaintiff's] Rule 15(a) motion to amend the complaint unless the judgment was first vacated.").

**IT IS THEREFORE ORDERED** that *Plaintiff/Judgment Creditor's Motion To Amend Complaint* [Doc 35] is **DENIED**.

---

[1]  The Court further observes that Plaintiff does not truly want "relief" from the judgment that has been entered—instead, Plaintiff wants the judgment against Defendants to remain and additional Defendants to be added.  The Rules do not provide a mechanism for this course of action.

**SO ORDERED** this 10th day of November, 2010, in Albuquerque, New Mexico.


_____
M. CHRISTINA ARMIJO
United States District Judge